UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDS PROPERTY CASUALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEX SMUTNY,<br><br>    Defendant. | No. 2:19-cv-01942-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff IDS Property Casualty Insurance Company ("Plaintiff") seeks a declaratory judgment against Defendant Alex Smutny ("Defendant") with regard to Defendant's claim for uninsured motorist benefits under his parents' policy of insurance.  Presently before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 9).  For the reasons that follow, that Motion is DENIED.[1]

**BACKGROUND**

On April 22, 2018, Defendant was involved in a motor vehicle accident while he was driving a motorcycle that he owned.  At the time of the accident, Defendant's

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local Rule 230(g).

1

motorcycle was insured under a policy issued by Progressive Insurance Company.  The accident was caused by another party who was insured by Allstate Insurance Company ("Allstate").  Allstate accepted liability and paid Defendant its maximum limit of $25,000.  ECF No. 9-1, p.2.

Defendant lived with his parents, however, who also owned two vehicles – a Toyota Tacoma and Toyota Prius – both insured by Plaintiff under policy number AI 02041989 (the "Policy").  Defendant's parents paid uninsured motorist coverage premiums for both of their vehicles.  The uninsured motorist limit for those vehicles is $250,000 for bodily injury to any one person.  Id.

California requires "an insurer to provide uninsured motorists coverage in each bodily injury liability insurance policy it issues covering liability arising out of the ownership, maintenance, or use of a motor vehicle."  Cal. Ins. Code § 11580.2.  Subsection 11580.2(c) then permits carving out an exception: "[t]he insurance coverage provided for in this section does not apply either as primary or as excess coverage: . . . (6) To bodily injury of the insured while occupying a motor vehicle owned by an insured or leased to an insured under a written contract for a period of six months or longer, unless the occupied vehicle is an insured motor vehicle. 'Motor vehicle' as used in this paragraph means any self-propelled vehicle."  ECF No. 9-1, p. 2.

The Policy language differs slightly.  Part III provides that Plaintiff will "pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of: 1. 'Bodily injury' sustained by an 'insured' and caused by an accident . . . ."  Id.  Additionally, Part III provides the following definitions: (1) "you" is defined as the named insureds; (2) "relative" is defined as "a person related to you by blood…who is a resident of your household and whom you have previously identified to [Defendant]"; and (3) "uninsured motor vehicle" is defined as "one to which a liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage."  Id. at pp. 2-3.

///

Exclusion A to the Policy (the "Exclusion") states that "[Plaintiff does] not provide Uninsured Motorist Coverage for 'bodily injury' sustained: 1. By an 'insured' while 'occupying' or when struck by any motor vehicle…owned by an 'insured' which is not insured for this coverage under this policy." Id. at p. 3.  Additionally, the Exclusion provides the following relevant definitions: (1) "occupying" is defined as "in, on, entering into or alighting from a 'private passenger vehicle' or 'utility vehicle'"; (id.) (2) "private passenger vehicle" is defined as "'a four-wheel motor vehicle of the private passenger type that is subject to motor vehicle registration and designed to be used on public roads'"; and (3) "utility vehicle" is defined as "'a vehicle with a rated load capacity of 2,000 pounds or less of the pick-up, van or panel truck type.'" ECF No. 15-2.  Plaintiff contends that the definition of "motor vehicle" from the Insurance Code should control. Defendant, on the other hand, maintains that the Policy Exclusions is more limited and does not exclude motorcycles.

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment.  See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995).  The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment.  See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic

3

1  Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary
2  judgment standard to motion for summary adjudication).
3        In a summary judgment motion, the moving party always bears the initial
4  responsibility of informing the court of the basis for the motion and identifying the
5  portions in the record "which it believes demonstrate the absence of a genuine issue of
6  material fact." Celotex, 477 U.S. at 323.  If the moving party meets its initial
7  responsibility, the burden then shifts to the opposing party to establish that a genuine
8  issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith
9  Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.
10 253, 288-89 (1968).
11       In attempting to establish the existence or non-existence of a genuine factual
12 dispute, the party must support its assertion by "citing to particular parts of materials in
13 the record, including depositions, documents, electronically stored information,
14 affidavits[,] or declarations . . . or other materials; or showing that the materials cited do
15 not establish the absence or presence of a genuine dispute, or that an adverse party
16 cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  The
17 opposing party must demonstrate that the fact in contention is material, i.e., a fact that
18 might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby,
19 Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and
20 Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).  The opposing party must also
21 demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is
22 such that a reasonable jury could return a verdict for the nonmoving party."  Anderson,
23 477 U.S. at 248.  In other words, the judge needs to answer the preliminary question
24 before the evidence is left to the jury of "not whether there is literally no evidence, but
25 whether there is any upon which a jury could properly proceed to find a verdict for the
26 party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251
27 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original).
28 As the Supreme Court explained, "[w]hen the moving party has carried its burden under

1 Rule [56(a)], its opponent must do more than simply show that there is some
2 metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.  Therefore,
3 "[w]here the record taken as a whole could not lead a rational trier of fact to find for the
4 nonmoving party, there is no 'genuine issue for trial.'"  Id. at 587.

5      In resolving a summary judgment motion, the evidence of the opposing party is to
6 be believed, and all reasonable inferences that may be drawn from the facts placed
7 before the court must be drawn in favor of the opposing party.  Anderson, 477 U.S. at
8 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
9 obligation to produce a factual predicate from which the inference may be drawn.
10 Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd,
11 810 F.2d 898 (9th Cir. 1987).

## ANALYSIS

### A.  Uninsured Motorist Benefits Exclusion to the Policy

Plaintiff relies on California's Insurance Code for its argument that Defendant's claim falls within a Policy exclusion.  As indicated above, Cal. Ins. Code § 11580.2 requires "an insurer to provide uninsured motorists coverage in each bodily injury liability insurance policy it issues covering liability arising out of the ownership, maintenance, or use of a motor vehicle."  Subsection 11580.2(c)(6) then carves out an exception by stating: "[t]he insurance coverage provided for in this section does not apply either as primary or as excess coverage . . . .  To bodily injury of the insured while occupying a motor vehicle owned by an insured or leased to an insured under a written contract for a period of six months or longer, unless the occupied vehicle is an insured motor vehicle.  'Motor vehicle' as used in this paragraph means any self-propelled vehicle."  Under this definition of "motor vehicle," Plaintiff is clearly not entitled to coverage under his parents' policy.  See Harrison v. California State Auto. Assn. Inter-Ins. Bureau, 56 Cal. App. 3d 657 (1976)(citing Safeco Ins. Co. v. Vieth, 33 Cal. App. 3d 956, 959 (1973)).

1         The Policy itself is not so clear, however.  It excludes coverage for claims "[b]y an 'insured' while 'occupying' . . . any motor vehicle . . . owned by an 'insured' which is not insured for this coverage under this policy."  The problem with this language is that the word "occupying" is further defined to apply only to as being "in, on, entering into or alighting from a 'private passenger vehicle' or 'utility vehicle'" and a motorcycle does not fall within either of those further Policy definitions.  Indeed, a "private passenger vehicle" is defined as "a four-wheel motor vehicle of the private passenger type that is subject to motor vehicle registration and designed to be used on public roads" and a "utility vehicle" is defined as "a vehicle with a rated load capacity of 2,000 pounds or less of the pick-up, van or panel truck type."

        Accordingly, the limitations inherent in the word "occupying" render the Policy ambiguous as to whether claims related to a motorcycle were excluded or not.  Because the Policy is not clear, the dispute cannot be resolved on the papers, and Plaintiff thus failed to meet its burden of proof under Rule 56.  Plaintiff's Motion for Summary Judgment is DENIED.

        **B.**    **Policy Maximum Benefit**

        In the alternative, Plaintiff moves that, if even the Exclusion were more restrictive than Section 11580.2, Plaintiff's maximum benefit would be $5,000 under subsection 11580.2(c)(6).  However, because this Court finds there is a genuine dispute of material fact as to whether Defendant falls within the Exclusion to the Policy, it is inappropriate to determine the Policy's maximum benefit.  Accordingly, this Court declines to decide this issue at this time.

///
///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (ECF No. 9) is DENIED.

IT IS SO ORDERED.

Dated:  October 6, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE